SOUTHERN PRESS CLOTH MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13004. Promulgated January 27, 1928.

*Geo. M. Stanton, Esq.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

OPINION.

MORRIS: Only that portion of the deficiency resulting from the disallowance of $5,120.15 is in controversy, which amount is included in the $19,449.80 deduction taken by the petitioner in its return as an ordinary and necessary expense. The petitioner was unable to segregate the particular items disallowed but alleges that all the items making up the deduction claimed were properly deducted.

In proof thereof the petitioner called upon its superintendent, a man who had been engaged in manufacturing human hair press cloth for a period of 20 years, who testified with respect to the various purchases shown in the machinery, supply and repair account. We are satisfied from his testimony that these purchases were for ordinary and necessary repairs and were not in the nature of capital additions. He testified item by item as to the parts and repair work purchased from the numerous concerns making up the total expenditure of $19,449.80. His detailed testimony showed the character of the purchases which were made and charged to the machinery, supply and repair account to be as follows: Drayage, welding, castings, heddle wires, spinning supplies, belting, weaving supplies, leather aprons, supply parts for machine shops, sprockets, wheel chains, canvas aprons, conveying aprons, loom supply parts, parts for automatic feed box, leather sectional roller supplies, reeds for use in looms, pipes or tubes for creels to wind yarn on, parts for spinning frames such as flyers, wipers, weights, and gears, bolts, screws, pulleys, electrical equipment such as fuses for motors, supply parts for copper winding machine, supplies for retwisting department, window repairs, bushings, shuttle and bobbin head repairs, and supply parts for the sizing machine. Due to the high speed type of machinery used, a 24-hour operation and the character of labor available, such purchases and repairs were of frequent occurrence.

As to some few items the superintendent was unable to recall the character of the purchase, but the evidence shows that when additions were made, they were charged to some permanent investment account and not to the account in question. We are of the opinion that the entire amount of $19,449.80 constitutes an allowable deduction.

*Judgment will be entered on 10 days' notice, under Rule 50.*